UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | 3:12-CR-239 |
|---|---|---|
| vs. | ) | |
| | ) | **ORDER** |
| JOHN WAYNE PERRY, JR. (11) | ) | |

## I. INTRODUCTION

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Indictment (Doc. No. 272) and Memorandum in Support (Doc. No. 272-1), the United States' Memorandum in Opposition (Doc. No. 282), and Defendant's Reply (Doc. No. 293). The Court conducted a hearing on this matter on December 16, 2013. For the reasons stated below, Defendant's Motion is **DENIED**.

## II. BACKGROUND

On July 26, 2012, a Grand Jury charged Defendant John Wayne Perry, Jr. and a number of co-conspirators in a seventy-five page Bill of Indictment. Defendant Perry was charged with one count of racketeering conspiracy in violation of Title 18 U.S.C. § 1962(d) and one count of money laundering conspiracy in violation of Title 18 U.S.C. § 1956(h). On April 18, 2013, the Grand Jury returned a Superseding Indictment, now eighty-four pages long, which describes the nature of an alleged $75 million RICO enterprise that operated from 2005 until 2012. Included in the Indictment are some twenty-six examples of different mortgage fraud transactions which allegedly took place over the course of these years, one of which specifically mentions Defendant Perry.

1

## III.  DISCUSSION

In his Motion to Dismiss, Defendant argues (1) that the Government has failed to adequately allege a conspiracy in either count or to adequately allege the elements of the charged offenses in either count; (2) that the counts alleged are duplicitous; and (3) that the counts alleged were indicted outside the applicable statute of limitations. The Court addresses each of the arguments in turn.

### A.  Count One

Defendant asserts that Count One, which alleges a racketeering conspiracy, fails to adequately allege that Defendant was implicated in such a conspiracy. In his Reply, Defendant acknowledges that there is no requirement that a defendant know all the members of the conspiracy or the full details of the conspiracy, but argues that he must at least know there is an enterprise and must act to further its affairs, and that the Indictment fails to adequately allege this piece of the puzzle. (Doc. No. 293 at 2).

As a preliminary matter, the Supreme Court has held that an indictment is sufficient if it "contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet." *Russel v. United States*, 369 U.S. 749, 763-64 (1962) (internal quotations omitted). Thus, the indictment must "set forth the essential elements of the offense." *United States v. Izuogu*, No. 90-5778, 1991 WL 21653, at *3 (4th Cir. 1991). On a motion to dismiss the indictment, the Court is not to weigh the sufficiency of the evidence. *See United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Rather, the question before the Court is "solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id.*

The elements of a criminal conspiracy violation under 18 U.S.C. § 1962(d) are (1) the existence of an enterprise; (2) that the enterprise was engaged in or its activities affected interstate commerce; and (3) that each defendant knowingly agreed that a conspirator would commit a violation of 18 U.S.C. § 1962(c). *See United States v. Salinas*, 522 U.S. 52, 62-65 (1997). The elements of a substantive RICO offense under U.S.C. § 1962(c) are "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Id.* at 62. A "pattern of racketeering activity" requires at least two acts of racketeering activity. *See id.* However, the defendant need not himself commit or agree to commit the predicate acts—rather, he need only agree to advance a RICO undertaking. *See id.* at 65 ("A conspirator must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the criminal endeavor.").

The Indictment alleges at least that much. Sections One and Two of the Indictment lay out the general function and purpose of the alleged enterprise. Section Three identifies the roles of particular members of the alleged enterprise, including this Defendant. Section Five details the specific objectives of the enterprise. Count One specifically alleges that those named, including Defendant Perry:

> knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly or indirectly, in the conduct of the affairs of the Enterprise, through a pattern of racketeering activity . . . .

(Doc. No. 158 ¶ 394). It continues: "It was part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise." (*Id.* ¶ 395). In support, the Indictment alleges specific transactions undertaken in furtherance of the conspiracy in Section Six, one of which involves Defendant Perry. (*Id.* ¶¶ 321-26). Therein, the Indictment specifically alleges that Defendant Perry, along with others,

3

fraudulently caused the loan package and HUD-1 statement for the purchase of a home to contain false and fraudulent misrepresentations for the purpose of inflating the price of the home and obtaining hidden kickbacks. (*Id.*) It alleges that a payment of $219,420 was paid to the company Perry Masonry Construction for brickwork that was never completed, and that those funds were later disbursed in various transactions by Defendant Perry and another defendant as kickbacks. (*Id.*) These allegations, if true, would implicate the Defendant in a number of acts of wire fraud and money laundering completed cooperatively with other defendants, some of whom were involved in numerous other fraudulent and very similar transactions. This is sufficient to adequately allege a criminal conspiracy violation under 18 U.S.C. § 1962(d).

Defendant argues that even if he was implicated in one discreet transaction, that does not merit his being implicated in the larger RICO conspiracy. In support, Defendant argues that the Indictment must at least establish that he knew the general nature of the conspiracy and knew that it extended beyond his individual role. In Count One, the Indictment alleges precisely that. (*See id.* ¶ 394 (noting that Defendant "knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c) . . . [by agreeing to] participate, directly or indirectly, in the conduct of the affairs of the Enterprise.")). Moreover, the allegations of specific conduct implicating Defendant create a reasonable inference, if true, that Defendant knew there was a conspiracy, knew its general manner of operating, and knew that it extended beyond his individual role. Thus, Count One of the Indictment is sufficiently pled.

**B. Count Five**

The essential elements of a charge of money laundering conspiracy in violation of 18 U.S.C. 1956(h), as alleged in Count Five, are "(1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under

18 U.S.C. § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy." *United States v. Green*, 599 F.3d 360, 371 (4th Cir. 2010). Defendant argues that the Government is required to allege that he possessed "full knowledge of the conspiracy's general purpose and scope," *United States v. Huggans*, 650 F.3d 1210, 1222 (8th Cir. 2011), and that it did not. But Count Five of the Indictment alleges that Defendant and others

> did knowingly combine, conspire, confederate, and agree with each other and others . . . to commit offenses against the United States . . . which involved the proceeds of a specified unlawful activity, with the intent . . . to conceal and disguise in whole or in part the nature, location, source, ownership, and control of the proceeds . . . .

(Doc. No. 158 ¶¶ 402-03). Moreover, the specific conduct mentioned in Section Six alleges that Defendant agreed to participate in, and participated in, a number of money laundering transactions with other members of the conspiracy, and that he knew that the funds involved had been obtained through fraud. This is sufficient to adequately allege a charge of money laundering conspiracy.

## C. Duplicity

Defendant alleges that both Count One and Count Five are duplicitous because they lump multiple conspiracies into one count. Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) and is generally not permitted. However, separate acts that could be charged as separate counts may be charged as a single count if those acts were part of a single, continuing scheme. If the indictment alleges a continuing course of conduct during a discrete period of time, it is not prejudicially duplicitous. *See United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008).

As to Count One, the Government points out that courts have consistently rejected duplicity arguments in the context of RICO—so long as the various offenses listed are "merely descriptive of the single overall agreement" to participate in a racketeering enterprise—because such a charge contemplates a pattern of unlawful activity. *See, e.g.*, *United States v. Diecidue*, 603 F.2d 535, 546 (5th Cir. 1979). Indeed, in the context of RICO, "it is irrelevant that each defendant participated in the enterprise's affairs through different, even unrelated crimes, so long as we may reasonably infer that each crime was intended to further the enterprise's affairs." *United States v. Elliott*, 571 F.2d 880, 902-03 (5th Cir. 1978). For the reasons described *supra*, the Government has adequately alleged that the separate acts committed by defendants were part of a larger scheme to advance the enterprise's affairs. *See supra* Part A. Thus, Count One of the Indictment is not duplicitous.

Count Five also alleges a continuing course of conduct. As discussed above, the Indictment alleges that Defendant agreed to participate in a series of money laundering transactions that was part of one larger scheme. While the Indictment does list numerous examples of money laundering in support of the allegations therein, this does not immediately invite the conclusion that these transactions were distinct and not part of the larger scheme specifically alleged in Count Five. In short, "[t]he lesser participation of one defendant, or his participation in only one facet of a multi-faceted conspiracy, does not warrant the conclusion that an indictment is defective for the improper allegation of multiple conspiracies in a single count." *United States v. Alexander*, 736 F. Supp. 968, 995 (D. Minn. 1990). Because Count Five of the Indictment alleges a continuing course of conduct, it is not duplicitous.

**D. Statute of Limitations**

Defendant also argues that Counts One and Five were indicted outside the statute of limitations, which he argues is five years for these offenses. Because the Superseding Indictment was returned on April 18, 2013, he argues, these counts were indicted outside the statute of limitations. He notes further that the Superseding Indictment does not relate back to the original Indictment (returned July 26, 2012) in this case because it "substantially amends charges made in the first" Indictment. (Doc. No. 272-1 at 17).

The Government responds that, with respect to Count One, because one of the predicate acts in the alleged racketeering conspiracy is bank fraud in violation of 18 U.S.C. § 1344, the statute of limitations is ten years, not five. 18 U.S.C. § 3293(3). The Government is correct. At any rate, and with respect to Count Five, the Government argues that the Superseding Indictment clearly relates back to the original Indictment because it did not substantially amend the charges. With respect to Count Five, the Superseding Indictment simply (1) removed the names of the Defendants who had pled guilty and (2) changed the time period of the conspiracy to be "from in or about 2005 through in or about the present" in the original Indictment to "from in or about 2005 to in or about 2012." The original Indictment was returned in 2012. Also, the background paragraphs that mention Defendant and his alleged role in the conspiracy did not change. The Court agrees that these changes do not constitute substantial amendments to the Indictment such that it should not relate back to the original.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Indictment (Doc. No. 272) is **DENIED**.

**SO ORDERED.**

Signed: December 20, 2013

Graham C. Mullen
United States District Judge