UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | 3:12-CR-239 |
|---|---|---|
| vs. | ) | |
| | ) | **ORDER** |
| JOHN WAYNE PERRY, JR. (11) | ) | |

## I. INTRODUCTION

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss for Violation of the Speed[y] Trial Act (Doc. No. 684) and Memorandum in Support (Doc. No. 684-1), the United States' Memorandum in Opposition (Doc. No. 716), and Defendant's Reply (Doc. No. 728). For the reasons stated below, Defendant's Motion is **DENIED**.

## II. BACKGROUND

On July 26, 2012, a Grand Jury charged Defendant John Wayne Perry, Jr. and a number of co-conspirators in a seventy-five page Bill of Indictment. Defendant Perry was charged with one count of racketeering conspiracy in violation of Title 18 U.S.C. § 1962(d) and one count of money laundering conspiracy in violation of Title 18 U.S.C. § 1956(h). On April 18, 2013, the Grand Jury returned a Superseding Indictment, now eighty-four pages long, which describes the nature of an alleged $75 million RICO enterprise that operated from 2005 until 2012.

The Court held a docket call in this matter on January 7, 2013 where it granted several pending motions to continue and set trial to begin in October 2013. On May 16, 2013, this case was reassigned to the undersigned Judge; on the same day, Defendant Perry filed a motion to continue the trial date (Doc. No. 213). The Court held a status conference on August 15, 2013, where it indicated that it would grant Defendant's motion to continue and asked the Government

1

to submit revised proposed trial groupings. On September 6, 2013, the Court issued an order placing Defendant Perry in the third trial grouping (Doc. No. 316); it later set that trial to begin on February 3, 2014 (*see* Doc. No. 440).

On January 25, 2014, just over a week before trial was to begin, Defendant Perry filed a second motion to continue (Doc. No. 473). That motion detailed the complex nature of this case and represented that counsel for Defendant was simply not prepared to try the case. The Court conducted a hearing on January 29, 2014 and reluctantly continued the case once more, over the Government's objections.

Trial commenced on June 9, 2014; however, counsel for Defendant requested a recess so that she could prepare for the testimony of a particular witness, despite having known about his testimony for many months. The Court reluctantly agreed, and the trial resumed the next day. The Court charged the jury on June 13, and on June 16 the jury informed the Court that it was hopelessly deadlocked and could not reach a verdict on any counts. The Court declared a mistrial pursuant to Federal Rule of Criminal Procedure 31(b)(3), and invited the parties to discuss dates for Defendant's retrial.

That same day, the Court contacted the parties via e-mail and requested proposed dates for Defendant Perry's retrial. Defense counsel responded that she had "no trials scheduled in the fall so I am fairly open except for a few days here and there," and noted that she would contact the Government to discuss specific dates. The parties convened and later contacted the Court, proposing a trial date sometime in October or November, with the exception of the weeks of October 6, October 13, and November 3. The Court thereafter worked to find a date that met the parties' request, and eventually arrived at November 17, 2014. The Court attempted to contact the parties on August 19 and 20 to make certain that this date worked for the parties. The

Government responded affirmatively, and Defendant did not immediately provide a response.[1] The Court issued an Order to Continue (Doc. No. 652) on August 20 and set trial for November 17, 2014.

On October 23, 2014, the Court, in an abundance of caution, issued a Supplemental Order (Doc. No. 737) to its Order to Continue, supplementing the reasons for its continuance on August 20. Therein, the Court described the complex and unusual nature of this case, as well as its concerns about continuity of counsel in this case, as a reflection of the factors it considered at the time of the continuance.

### III. DISCUSSION

In his Motion, Defendant argues that the charges against him should be dismissed (1) for a violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; and (2) because his rights under the Sixth Amendment have been violated. As set forth below, the Court finds that both of these contentions are without merit.

**A. Speedy Trial Act**

The Speedy Trial Act requires that, "if a defendant is to be tried again following a declaration by the trial judge of a mistrial . . ., the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). This section also sets forth some exceptions to this rule, including that "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section." *Id.* Section 3161(h) enumerates several categories of exceptions, including "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted

---

[1] Counsel for Defendant eventually contacted the Court on August 22 and explained that she had been travelling and in court and had not been able to respond. She did not object to the trial date set.

a continuance on the basis of his finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This part also sets forth factors that a judge is to consider in determining whether to grant a continuance, among them:

> (ii) Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section,

and:

> (iv) Whether the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

Here, the Court's order continuing Defendant's trial, issued August 20, 2014, noted that the Court had declared a mistrial on June 16, 2014; thus, the seventy-day time limitation would have run on August 25, 2014. However, the order continued the trial until November 17, 2014, and excluded the time in the interim pursuant to 18 U.S.C. § 3161(h)(7). The order noted: "In making this determination, the Court has considered the requirements of 18 U.S.C. § 3161(h)(7)(A), as well as the factors in 18 U.S.C. § 3161(h)(7)(B), and finds that the ends of justice are served by continuing this matter and that such action outweighs the interest of the public and the Defendant to a speedy trial." (Doc. No. 652). The order continued: "Notably, the Court finds that this case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings and the trial itself within the established time limits," clearly referencing the language in 18 U.S.C. § 3161(h)(7)(B)(iv).

4

Defendant does not dispute that the Court's order preceded the expiration of the time limits in section 3161(e); rather, he argues that the order "states no substantive reason" for the continuance and "is not enough of an explanation to satisfy the Speedy Trial Act." (Doc. No. 684-1 at 7). While the reasons for the continuance were well known to both the parties and the Court at the time of the order, the Court nevertheless supplemented its order to continue on October 23, 2014 to reflect its reasoning at the time of issuance (Doc. No. 737).[2] The Court incorporates the reasons stated in that order here.

The Court's supplement explained in some detail the reasons why this case is unusual and complex, as well as the Court's concerns about continuity of counsel, and how those issues informed the Court's analysis in granting the continuance. The Court will not re-hash that analysis here, but will note that its primary concern in granting the continuance was to ensure that the parties had adequate time to prepare for and conduct Defendant Perry's retrial in light of the complexity of this case, as well as counsel's obligations in other trials. The Court was aware that both counsel for the Government and for the Defendant were to conduct another retrial in the matter of *United States v. Rand*, Case No. 3:10-cr-182, before the Honorable Robert J. Conrad, and that this trial had been expected to take several weeks and last well into the summer.[3] The Court was also aware that counsel for the Government was scheduled to conduct another trial in this case beginning September 29, 2014. Thus, when the parties requested a trial date in October

---
[2] The Court notes that, while the findings in support of an ends-of-justice continuance must be made before granting the continuance, the law is clear that such findings may be made only in the judge's mind. *See Zedner v. United States*, 547 U.S. 489, 506 (2006). While courts are not permitted to grant an ends-of-justice continuance *nunc pro tunc*, a court may provide the reasoning for a previously granted continuance some time later, so long as it is clear that those reasons were actually considered at the time of the continuance. *See United States v. Carey*, 746 F.2d 228, 230 & n.2 (4th Cir. 1984) (citing *United States v. Brooks*, 697 F.2d 517 (3d Cir. 1982); *United States v. Clifford*, 664 F.2d 1090 (8th Cir. 1981); *United States v. Edwards*, 627 F.2d 460 (D.C. Cir. 1980)).

[3] Defendant, in his Reply, makes much of the fact that the *Rand* trial had actually concluded by the time the Court issued its order to continue, and well before the parties expected it to. Of course, neither the parties nor the Court were aware of this fact when the parties requested a trial date in October or November. The mere fact that this trial was expected to last through the summer precluded the possibility of conducting Defendant Perry's retrial within the seventy-day time limitation of section 3161(e), as the Court could not have scheduled Defendant's trial to begin immediately upon the conclusion of the *Rand* trial.

5

or November, the Court understood that the parties required this additional time in light of the complexity of this case and the need for counsel to prepare for and conduct other trials.[4]

The continuance was not granted, as Defendant suggests, due to "general congestion of the court's calendar," (Doc. No. 684-1 at 3 (quoting 18 U.S.C. § 3161(h)(7)(C)). The Court's calendar was not congested. Rather, the Court sought to give the parties the time they required to effectively prepare for and conduct trial. Defendant also asserts that "practically no preparation—besides re-subpoenaing witnesses—is required here." (Doc. No. 684-1 at 8). The Court appreciates Defendant's confidence in his readiness for trial but does not share it. Given the complexity of the law in this case, the delicate evidentiary issues which have been raised, and the many documents and witnesses with which counsel must be familiar, the Court sincerely hopes that counsel plans to do more than simply re-subpoena witnesses.

In its Memorandum in Opposition, the Government argues that Defendant has impermissibly sought to use the Speedy Trial Act as both a sword and a shield. The Government cites *United States v. Graves*, 551 F. App'x 680, 686-87 (4th Cir. 2014), *cert. denied*, 134 S. Ct. 2856 (2014) for the proposition that a defendant is precluded from "sandbagging the court and the government by agreeing to a continuance and then later urging a dismissal using the time covered by the continuance." *See id.* While *Graves* did not deal specifically with the ends-of-justice analysis in 18 U.S.C. § 3161(h)(7), the Court finds that reasoning applicable here. Defendant is correct that he cannot "waive" the requirements of the Speedy Trial Act, but Defendant also may not set a trap for the Court by proposing dates for trial that are beyond the seventy-day time limitation called for by the Speedy Trial Act, wait until the expiration of that

---

[4] The Court's original order to continue only specifically listed the unusualness and complexity of this case in support of the continuance. The language of the order, however, was and was meant to be inclusive rather than exclusive ("Notably, . . ."). The brevity of the order owes to the fact that the Court and the parties were well aware of the reasons for the continuance; however, the Court's Supplemental Order (Doc. No. 737) makes clear the factors the Court considered in granting the continuance.

limitation, and then claim a violation of the Speedy Trial Act. This is especially true in a case—because of the number of defendants, the various conflicts between those defendants, and the nature of the alleged offenses—that has required considerable effort in coordinating dates for trials and pre-trial motions, and in which the Court has relied heavily on Defendant's own estimations of the time he needed to prepare for trial.

Finally, Defendant's assertion that he "did not seek the continuance," (Doc. No. 684-1 at 9), is questionable at best. Counsel for Defendant represented that she had "no trials scheduled in the fall so I am fairly open except for a few days here and there," and then provided dates of availability in October and November 2014. Counsel was of course aware that the Speedy Trial clock would run in August. As the Government notes, it was not at all surprising that Defendant suggested dates in the fall, as counsel for both parties expected to be conducting a prolonged trial in another matter during the summer. Thus, while Defendant may not have filed a motion for continuance, he may not suggest that the continuance occurred without his involvement or knowledge.

For the foregoing reasons, the Court finds that Defendant's rights under the Speedy Trial Act have not been violated. The Court also finds that Defendant, at the very least, acquiesced to the continuance, and that the instant Motion seeks to use the Act impermissibly as both a sword and a shield.

**B. Sixth Amendment**

The Sixth Amendment requires that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. In order to establish a violation of this guarantee, "a defendant must first show that the Amendment's protections have been triggered by 'arrest, indictment, or other official accusation.'" *See United States v. Trotman*, 406

F. App'x 799, 807 (4th Cir. 2011) (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)). Defendant then has the burden of establishing that the factors enumerated by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972) "when balanced, weigh in his favor." *See id.* These factors are: "(1) the length of the delay in bringing defendant to trial; (2) the reason for the delay; (3) the defendant's timely assertion of his right to a speedy trial; and (4) the extent of the resulting prejudice to the defendant." *See id.*

With respect to the first *Barker* factor, the Fourth Circuit has noted that "[c]ourts often have concluded that a delay over one year is 'presumptively prejudicial.'" *See id.* This factor "acts as a gate-keeping requirement," such that "[i]f the delay in bringing a defendant to trial is not 'presumptively prejudicial,' then the Sixth Amendment inquiry ends." *See id.* Here, the Grand Jury returned the initial Indictment on July 26, 2012; thus, the delay in this case has clearly exceeded one year and is presumptively prejudicial, and the Court will proceed to weigh the other factors.

As to the second factor, the Court finds that the predominant cause of delay in this case is continuances sought by the Defendant. The Court also finds that these delays were clearly to his advantage in that they were premised on his need for further preparation and investigation. Defendant has twice moved for a continuance, and the Court granted them both times over the objection of the Government. Were it not for these continuances, Defendant's trial would have occurred in either October 2013 or February 2014. Compare this with a case cited by Defendant, *United States v. McGhee*, 532 F.3d 733 (8th Cir. 2008), where the court found that a 915-day delay from the date of arrest to the date of trial did not constitute a violation of the Sixth Amendment because Defendant was responsible for most of the delays. *See id.* The Court finds that this factor weighs in favor of the Government.

With respect to the third factor, whether a defendant has timely asserted his right to a speedy trial "may be weighed in favor of the Government when the Defendant waits until late in the course of events to assert his right." *United States v. Bryant*, 2008 WL 5070972 (4th Cir. 2008) (per curiam) (citing *Grimmond*, 137 F.3d at 829). In *Bryant*, the defendant waited ten months after the indictment was unsealed and six months prior to trial to assert his right to a speedy trial; the court found that he had waited until late in the process to assert this right. *Id.* Here, Defendant has waited more than two years after the Indictment, three months after his first trial, and two months before his retrial to assert his right to a speedy trial. The Court finds that he has also waited until late in the process to assert this right, and that this factor weighs in favor of the Government.

Finally, as to the fourth factor, the Fourth Circuit has held that this inquiry "focuses on 'the interests [that] . . . the speedy trial right was designed to protect.' These include: '(1) preventing oppressive pretrial incarceration, (2) minimizing the anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired.'" *See Trotman*, 406 F. App'x at 807 (quoting *Grimmond*, 137 F.3d at 827). Here, Defendant is not and has never been incarcerated. Aside from the anxiety and concern that can be expected from looming federal criminal charges, Defendant does not appear to be experiencing excessive anxiety or concern. He has started a new business, purchased luxury vehicles, and has even purchased a timeshare in Florida for his frequent trips there as a volunteer youth football league coach, (*see* Doc. No. 728 at 14). As to impairment of the defense, Defendant notes some inconsistent testimony between witnesses for the Government at the first trial as evidence of fading witness memories, but the Court found nothing especially unusual about their testimony. Some inconsistent testimony between witnesses can be expected, and it is not demonstrative of any serious impairment to the

defense. Accordingly, the Court finds that the fourth factor weighs in favor of the Government.

Based on this analysis, the Court finds that Defendant's right to speedy trial under the Sixth Amendment has not been violated.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for Violation of the Speed[y] Trial Act (Doc. No. 684) is **DENIED**.

   **SO ORDERED.**

Signed: October 24, 2014

Graham C. Mullen
United States District Judge